UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PABLO STALLINGS, by and through his
guardian ad litem LAVIRRISE BYNES,

Plaintiff,

v.

TOM FERRERA, et al.,

Defendants.

No. 2:18-cv-02073-TLN-KJN

**ORDER**

This matter is before the Court on Defendant Pam Ahlin's ("Ahlin") Motion to Dismiss.[1] (ECF No. 36.)  Plaintiff Pablo Stallings ("Plaintiff") filed an opposition.  (ECF No. 37.)  Ahlin filed a reply.  (ECF No. 38.)  For the reasons set forth herein, Ahlin's Motion to Dismiss is DENIED.  (ECF No. 36.)

///

///

///

///

---

[1]     This action also names Tom Ferrera ("Ferrera") and Dolly Matteucci ("Matteucci") as Defendants.  Neither Ferrera nor Matteucci join in the instant motion.  The Court refers to all three named Defendants collectively as "Defendants."

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Defendants' allegedly unlawful failure to abide by a state court order to transfer Plaintiff to a mental health facility and Plaintiff's subsequent mental deterioration during the months he spent in Solano County jail.  (*See* ECF No. 33.)  Plaintiff was arrested on August 22, 2016 in Solano County on suspicion of committing a felony.  (*Id.* at 5.)  Plaintiff entered a plea of not guilty.  (*Id.*)  Plaintiff's attorney shortly thereafter declared doubt as to Plaintiff's competency to stand trial pursuant to California Penal Code § 1368, and the Solano County Superior Court formally found him incompetent to stand trial.  (*Id.*)  The court ordered placement of Plaintiff at a state hospital.  (*Id.* at 6.)  Plaintiff was committed to the Department of State Hospitals ("DSH") until he was restored to competency or further order of the court.  (*Id.*)  Plaintiff was remanded to the custody of the Solano County Sheriff's Office, who was ordered to transport Plaintiff to Napa State Hospital.  (*Id.*)  The court ordered that placement "shall occur within 7 business days" of its November 16, 2016 order.  (*Id.*)

The court provided Defendants with a number of warnings, including that it "may deem the failure to provide competency restoration services pending placement, or the failure to place Plaintiff within 7 days of the placement order" as a basis to presumptively establish Defendants failed to provide treatment services under California Penal Code § 1370(b)(5).  (*Id.* at 6–7.)  The court also ordered Defendants to provide a statement by the next court date if Plaintiff had not been placed to explain why he had not been placed and what steps were being taken for his stability until he is placed.  (*Id.* at 7.)  Plaintiff alleges that, despite this order, he was not transferred to a DSH facility.  (*Id.*)  Instead, he "was brought in front of the [c]ourt at least three more times during a several month period" in which Matteucci was found in contempt for not complying with the order.  (*Id.*)

Each time Plaintiff appeared, the court consistently stated on the record that he "should not be in Solano County jail, and that [he] was suffering from a mental crisis as a result of not receiving treatment."  (*Id.* at 8.)  Plaintiff alleges that during his incarceration, his mental and physical health deteriorated.  (*Id.*)  Plaintiff alleges that due to his untreated mental illness: he was left isolated in a room; did not shower for several months; was often using the bathroom on

1   himself and wiping his feces on the walls of his cell and himself; pulled out large portions of his

2   hair by the roots, resulting in large sores on his scalp; and deteriorated to the point where he no

3   longer recognized his own mother.  (*Id.*)  The court dismissed the criminal charges against

4   Plaintiff in January 2017, when he was released to go home and began receiving treatment for his

5   mental illness.  (*Id.*)  Plaintiff alleges Ahlin and Matteucci knew of the November 16, 2016 court

6   order and "were personally involved in the decision-making that caused unconstitutional delays in

7   the provision of mental health and restorative mental health treatment."  (*Id.* at 8–9.)  Plaintiff

8   alleges Ahlin and Matteucci were also aware of the delay in admitting Plaintiff to the state

9   hospital facility and providing Plaintiff restorative treatment but ignored the problem in deliberate

10  indifference to Plaintiff's rights.  (*Id.* at 9.)  Plaintiff finally alleges Ahlin and Matteucci knew

11  Plaintiff would not receive appropriate mental health treatment in Solano County jail.  (*Id.*)

12       On July 29, 2018, Plaintiff filed the instant action.  (ECF No. 1.)  On October 24, 2019,

13  Plaintiff filed the operative First Amended Complaint ("FAC") alleging a single claim for

14  violation of his Fourteenth Amendment due process rights against Ahlin, Matteucci, and Ferrera

15  in their personal capacities.  (ECF No. 33.)  On November 15, 2019, Ahlin filed the instant

16  motion to dismiss.  (ECF No. 36.)  On December 2, 2019, Plaintiff filed an opposition.  (ECF No.

17  37.)  On December 12, 2019, Ahlin filed a reply.  (ECF No. 38.)

18       **II.    STANDARD OF LAW**

19       A motion to dismiss for failure to state a claim upon which relief can be granted under

20  Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

21  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

22  "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See*

23  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the

24  complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

25  which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

26  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

27  motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz*

28  *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

3

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

4

1 | *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

2 |      If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

3 | amend even if no request to amend the pleading was made, unless it determines that the pleading

4 | could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

5 | 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

6 |     **III.**   **ANALYSIS**

7 |      Ahlin moves to dismiss the single Fourteenth Amendment claim, arguing: (1) Plaintiff

8 | fails to adequately plead a violation of 42 U.S.C. § 1983 against Ahlin because he does not plead

9 | any facts demonstrating supervisory liability, a duty to provide timely restorative treatment, or a

10 | duty to provide medical care prior to his arrival at DSH-Napa while he was in the custody of

11 | Solano County; and (2) the facts demonstrate that Ahlin is entitled to qualified immunity.  (*See*

12 | ECF Nos. 36-1, 38.)  The Court will consider each of Ahlin's arguments in turn.

13 |     A.   Supervisory Liability

14 |      Ahlin argues the FAC does not contain any facts to demonstrate she violated Plaintiff's

15 | constitutional rights, as a delay in Plaintiff's admission to DSH-Napa "does not necessarily mean

16 | constitutional rights [were] violated."  (ECF No. 36-1 at 9.)  Ahlin contends Plaintiff's conclusory

17 | allegations of her alleged involvement in "policies and practices" are insufficient to establish

18 | liability as a supervisor.  (*Id.*)  In opposition, Plaintiff asserts the FAC alleges Ahlin was

19 | "responsible for ensuring compliance with court orders requiring placement of patients at DSH-

20 | Napa" and that she had knowledge of "Plaintiff's serious medical condition," "his urgent need for

21 | medical/mental health care," and "the state court order requiring that Plaintiff be admitted to DSH

22 | and understood that failure to treat his condition would result in further harm."  (ECF No. 37 at

23 | 2.)  Plaintiff also maintains Ahlin "refused to allow his admission to DSH-Napa despite having

24 | the power to do so."  (*Id.*)

25 |      "Under [§] 1983, supervisory officials are not liable for actions of subordinates on any

26 | theory of vicarious liability."  *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989).  However,

27 | "[a] supervisor may be liable if there exists either (1) his or her personal involvement in the

28 | constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

conduct and the constitutional violation." *Id.*

Here, the FAC states Ahlin "is ultimately responsible for the administration of all DSH facilities in the state of California." (ECF No. 33 at 4.) Plaintiff alleges that Ahlin was "personally involved in the decision-making that caused unconstitutional delays in the provision of mental health and restorative mental health treatment" to Plaintiff. (*Id.* at 8–9.) Plaintiff further alleges Ahlin was "well aware of the unconstitutional delay in admitting [him] to the state hospital facility and in providing [him] restorative treatment, and ignored the problem in Solano County in deliberate indifference to Plaintiff's rights." (*Id.* at 9.) Plaintiff finally alleges Ahlin knew Plaintiff "would not receive appropriate mental health treatment in the Solano County jail." (*Id.*) Plaintiff's statements provide sufficient facts to describe how Ahlin was involved or how there is a causal connection between her alleged wrongful action and the constitutional violation. *Hansen*, 885 F.2d at 645–46. Accordingly, Ahlin's motion to dismiss based on a failure to allege supervisory liability is DENIED.

B. <u>Duties to Provide Timely Restorative Treatment and Medical Care</u>

Ahlin argues "[t]he FAC fails to identify any affirmative duty that the state mental hospital, and in particular that an individual state hospital administrator, had to ensure the timely transfer of [Plaintiff] to DSH-Napa, or to another facility, nor does Plaintiff plead facts demonstrating that DSH-Napa assumed such a duty." (ECF No. 36-1 at 10.) Ahlin further argues Plaintiff cannot establish a claim for deliberate indifference to a serious medical need and that "no court has held that the State has a duty to reach out into the County jail and provide mental health treatment to pretrial detainees not in its custody or care." (*Id.* at 12–13.) Ahlin contends the "FAC is devoid of facts that . . . [she] was deliberately indifferent to [Plaintiff's] medical care." (*Id.* at 13.)

In opposition, Plaintiff asserts "Defendants had an affirmative duty to ensure [his] timely transfer and admission to Napa State Hospital, and this duty was violated when . . . Defendants unreasonably delayed his admission to the treatment facility." (ECF No. 37 at 4.) Plaintiff contends Defendants were aware of the November 16, 2016 commitment order, which warned them the court "may deem the failure to provide competency restoration services pending

1    placement, or the failure to place Plaintiff within 7 days of the placement order," as a basis to

2    establish they failed to provide Plaintiff treatment services.  (*Id.*)  Plaintiff notes Ahlin was

3    responsible for compliance with this court order and actively denied his admission to DSH for

4    restorative treatment.  (*Id.* at 5.)

5         The Court will first evaluate whether Plaintiff has adequately alleged a duty to provide

6    timely restorative treatment and a duty to provide medical care, and will then address whether

7    Plaintiff has adequately stated a deliberate indifference claim.

8                   i.       *Duties to Provide Timely Restorative Treatment and Medical Care*

9         The right of pretrial detainees to be free from cruel and unusual punishment "is derived

10   from the due process clause of the Fourteenth Amendment rather than the Eighth Amendment."

11   *Atayde v. Napa State Hospital*, 255 F. Supp. 978, 988 (E.D. Cal. 2017).  Individuals in custody

12   have the right "not to have officials remain deliberately indifferent to their serious medical

13   needs." *Id.* at 988–89 (internal quotations and citations omitted).  Specifically, "[i]ncapacitated

14   criminal defendants have liberty interests in freedom from incarceration and in restorative

15   treatment." *Id.* at 989 (citing *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1121 (9th Cir. 2003)).

16   The Ninth Circuit has held there is a duty to protect the substantive due process rights of an

17   individual taken into custody by the state and detained there against his will.  *Id.* at 990 (citing

18   *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 198–202 (9th Cir. 2011)).

19   Accordingly, "correctional facilities have an obligation to protect the substantive liberty interests

20   of prisoners, including the liberty interest to adequate healthcare." *Id.* at 991 (citing cases).

21   There is "no clear guidance as to whether detainees committed by court order to an external

22   treatment facility, but not yet transferred, can bring § 1983 deliberate indifference claims against

23   employees of the treatment facility," but another court in this district has found under California's

24   statutory scheme that "treatment facilities have certain custodial duties under the Fourteenth

25   Amendment with respect to [pretrial] detainees, which attach at the time the state court

26   commitment order is issued." *Id.* at 992 (concluding state defendants "owed a duty of care to

27   decedent for Fourteenth Amendment purposes, and are properly subject to suit under § 1983 for

28   failing to take steps to effect decedent's transfer to [Napa State Hospital]").

Here, Plaintiff alleges Ahlin knew of the state court commitment order that was issued on November 16, 2016, and was "personally involved in the decision-making that caused unconstitutional delays in the provision of mental health and restorative mental health treatment to [him]." (ECF No. 33 at 8–9.) Ahlin's custodial duties with respect to Plaintiff therefore attached at this time. *See Atayde*, 255 F. Supp. at 992. Plaintiff further alleges Ahlin was "well aware of the unconstitutional delay in admitting [him] to the state hospital facility and in providing [him] restorative treatment, and ignored the problem in Solano County in deliberate indifference to [his] rights." (*Id.* at 9.) Plaintiff alleges that Ahlin knew Plaintiff "would not receive appropriate mental health treatment in the Solano County jail." (*Id.*) Plaintiff also specifically alleges "state defendants had an affirmative duty to ensure [his] timely transfer and admission to Napa State Hospital" and a duty "to provide medical care while he was awaiting placement in a state facility." (*Id.* at 10–11.) Based on the foregoing, the Court finds Plaintiff has adequately alleged Ahlin had a duty to provide timely restorative treatment and a duty to provide medical care.

Accordingly, Ahlin's motion to dismiss based on a failure to state a duty to provide timely restorative treatment or a duty to provide medical care is DENIED.

ii.    *Deliberate Indifference*

Plaintiffs may establish a deliberate indifference claim under the Fourteenth Amendment by establishing: (1) "defendant made an intentional decision with respect to the conditions of plaintiff's confinement;" (2) "those conditions exposed plaintiff to a 'substantial risk of serious harm'"; (3) "defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved"; and (4) "by not taking those measures, defendant caused plaintiff's injuries." *Atayde*, 255 F. Supp. at 989 (internal citations omitted). On a motion to dismiss, a court "must consider whether the plaintiff has [pleaded] sufficient facts to permit the court to infer the plaintiff had a 'serious medical need' and a defendant was 'deliberately indifferent' to that need." *Id.* (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1018 (9th Cir. 2018)).

8

Here, with respect to the first element, Plaintiff alleges Ahlin was personally involved "in the decision-making that caused unconstitutional delays in the provision of mental health and restorative mental health treatment" and also "acquiesced in the policy and practices of DSH" that resulted in his harm.  (ECF No. 33 at 8–9.)  With respect to the second element, Plaintiff alleges Ahlin knew he "would not receive appropriate mental health treatment in the Solano County jail" and "would result in [his] significant harm."  (*Id.* at 9, 11.)  With respect to the third element, Plaintiff alleges Defendants "did not provide [him] adequate mental health treatment while he awaited placement in a state facility, in violation of [his] due process rights . . . ."  (*Id.* at 11.)  With respect to the fourth element, Plaintiff alleges Defendants' aforementioned actions caused him damage.  (*Id.*)  Plaintiff also specifically alleges that due to his untreated mental illness: he was left isolated in a room; did not shower for several months; was often using the bathroom on himself and wiping his feces on the walls of his cell and himself; pulled out large portions of his hair by the roots, resulting in large sores on his scalp; and deteriorated to the point where he no longer recognized his own mother.  (*Id.* at 8.)

Accordingly, Ahlin's motion to dismiss based on a failure to state a deliberate indifference claim is DENIED.

C.    Qualified Immunity

Ahlin argues she is entitled to qualified immunity because "Plaintiff cannot show that any [c]onstitutional right that may have been violated was clearly established in law."  (ECF No. 36-1 at 13.)  In opposition, Plaintiff asserts "Defendants delayed in addressing Plaintiff's serious medical needs in violation of his Fourteenth Amendment rights" and it was established in 2016 that incompetent to stand trial defendants such as Plaintiff "are to be transferred to a treatment facility within [a] reasonable period of time of a commitment order being issued."  (ECF No. 37 at 10.)

A qualified immunity analysis requires determining: (1) whether facts alleged, taken in the light most favorable to the injured party, show the defendants' conduct violated a constitutional right; and (2) whether the right was clearly established.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (*en banc*) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part*

9

*on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).  With respect to the second prong, a court considers whether the contours of the right were sufficiently clear at the time the action occurred such that a "reasonable official would understand that what he is doing violates that right." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994).  In the absence of "a case directly on point," the court may compare relevant "specific factors" to determine whether a reasonable officer would have known that the conduct in question was unlawful.  *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 947 (9th Cir. 2017).  Further, where an officer's conduct "is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004) (citations omitted).

Here, the Court has found that Plaintiff adequately alleges that Ahlin delayed in addressing his serious medical needs in violation of his Fourteenth Amendment rights.  The "right to be free from violations of his constitutional right was well-established" by 2016, when Plaintiff alleges the constitutional violations occurred.  *See Atayde*, 255 F. Supp. at 995; *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002).  Accordingly, Ahlin's motion to dismiss based on qualified immunity is DENIED.

## IV.    CONCLUSION

Based on the foregoing, Ahlin's Motion to Dismiss (ECF No. 36) is DENIED.  Ahlin shall file an answer not later than twenty-one (21) days after the electronic filing date of this Order.

IT IS SO ORDERED.

Dated:  September 23, 2021

Troy L. Nunley
United States District Judge