UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO STALLINGS, BY AND THROUGH HIS GUARDIAN AD LITEM LAVIRRISE BYNES,<br><br>Plaintiff,<br><br>v.<br><br>TOM FERRARA, PAM AHLIN, AND DOLLY MATTEUCCI,<br><br>Defendants.[1] | Case No. 2:18-cv-02073 DJC-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 47) |

Defendant Director of California Department of State Hospitals Pam Ahlin and Defendant Executive Director of California Department of State Hospitals - Napa State Hospital Dolly Matteucci's (collectively, "State Defendants") has filed a motion for summary judgment. (ECF No. 47.) This motion was referred to the undersigned on October 25, 2024.[2] (ECF No. 62.)

The filings for the State Defendants' motion for summary judgment are

---

[1] Defendant Ferrara's last name is misspelled in the First Amended Complaint as "Ferrera." The Clerk of Court is directed to update and correct the docket to reflect the correct spelling to "Ferrara."

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(a).

1

problematic. The State Defendants have submitted declarations in support of their motion for summary judgment from Defendant Matteucci (ECF No. 47 at 49-50), Defendant Ahlin (ECF No. 47 at 51-52), Amy Prothero (ECF No. 47 at 35-40), and George Maynard (ECF No. 47 at 41-48). These declarations, however, are all from a different case in a different district, albeit with some similar issues and declarants: *Luong, et al. v. Alameda County, et al.*, No. 3:17-cv-6675 EMC (N.D. Cal.). Therefore, the Court **DENIES** the State Defendants' motion for summary judgment (ECF No. 47) without prejudice to refiling.

Should the State Defendants elect to re-file their corrected motion for summary judgment, they must re-file within seven (7) days of the date of this order. <u>They are not permitted to make any new argument or to modify their motion in any way, with the exception of submitting declarations from Matteucci, Ahlin, Prothero, and Maynard for *this* case and correcting citations to these declarations in the motion for summary judgment</u>. No changes will be permitted to the State Defendants' reply, which does not refer to any of these declarations. (ECF No. 55.)

Any re-filed MSJ must include "Corrected Motion for Summary Judgment ECF NO. 47" in the title and must be accompanied by a signed certification from counsel attesting that these requirements have been followed. If any citation corrections are made to the original motion for summary judgment, those corrections must be identified by page and line number in the certification to enable the Court to identify and review any corrections.

Plaintiff Pablo Stallings's filings are also problematic. Plaintiff submitted declarations of Plaintiff's mother, his guardian ad litem, and Plaintiff.[3] *See* 12/28/2022 Decl. La Virrise Bynes (ECF No. 50-4); 12/28/2022 Decl. Pablo Stallings (ECF No. 50-3). Generally, declarations submitted to the court from non-attorneys are personally signed by the declarant, and only attorneys use a typed electronic signature indicated by "/s/."

---

[3] The Court will separately address the declaration of Plaintiff's counsel, which is subject to a pending motion to strike by the State Defendants. (ECF No. 56.)

*See* L.R. 131(b). Here, neither declaration is personally signed by the declarant, but indicates a signature with "/s/ Pablo Stallings" or "/s/ LaVirrise Bynes." This is permitted for non-attorneys only if counsel includes a statement that he has a signed original and requires counsel to "maintain this original signature for one year after the exhaustion of all appeals." L.R. 131(f). Neither declaration indicates that counsel has a signed original. If the State Defendants elect to re-file their corrected motion for summary judgment, Plaintiff must file the original signed versions of Plaintiff's declaration (ECF No. 50-3) and Bynes's declaration (ECF No. 50-4) within fourteen (14) days of this order. Plaintiff was required to maintain the original signed declarations pursuant to Local Rule 131(f), so this should not be burdensome. No changes may be made to either declaration. The Court further notes that Plaintiff submitted the same declarations from Plaintiff and Bynes in support of his opposition to Defendant Tom Ferrara's motion for summary judgment (ECF Nos. 48-2, 48-3).

If the State Defendants elect to re-file their corrected motion for summary judgment, Plaintiff's opposition documents (ECF Nos. 50, 50-1, 50-2, 50-5, 50-6, 50-7, 52, 53) and the State Defendants' reply (ECF No. 55) will be deemed submitted and should NOT be re-filed.

It is unclear why, but Plaintiff did not identify the defects in the State Defendants' declarations in his opposition. Pl. Opp'n (ECF No. 50). Rather than interpreting this as a waiver to any argument challenging these declarations, if the State Defendants elect to re-file their corrected motion for summary judgment, Plaintiff will be permitted to file an optional supplemental opposition within fourteen (14) days of this order, limited to five (5) pages, and limited to responding to the corrected declarations from Matteucci, Ahlin, Prothero, and Maynard.

If Plaintiff files a supplemental opposition, the State Defendants will be permitted to file an optional sur-reply within five (5) days of the filing of Plaintiff's supplemental opposition, limited to three (3) pages, and limited to responding to the supplemental opposition.

3

**The parties are warned that the Court will not review or consider filings that do not comply with these requirements**.

## CONCLUSION

In summary, the Court ORDERS:

1.   The State Defendants' motion for summary judgment (ECF No. 47) is DENIED without prejudice to refiling.

2.   If the State Defendants elect to re-file their corrected motion for summary judgment, they <u>must</u> re-file within seven (7) days of the date of this order, following the requirements above. No hearing will be held.

3.   If State Defendants elect to re-file their corrected motion for summary judgment, Plaintiff <u>must</u> file the original signed versions of Plaintiff's declaration (ECF Nos. 50-3, 48-3) and Bynes's declaration (ECF Nos. 50-4, 48-2) within fourteen (14) days of this order; and Plaintiff will also be permitted to file an optional supplemental opposition within fourteen (14) days of this order, following the requirements above.

4.   If Plaintiff files a supplemental opposition, the State Defendants will be permitted to file an optional sur-reply within five (5) days of the filing of Plaintiff's supplemental opposition, following the requirements above.

Dated:  January 31, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE