UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO STALLINGS, BY AND THROUGH HIS GUARDIAN AD LITEM LAVIRRISE BYNES,<br><br>Plaintiff,<br><br>v.<br><br>TOM FERRARA, PAM AHLIN, AND DOLLY MATTEUCCI,<br><br>Defendants. | Case No. 2:18-cv-02073 DJC-CSK<br><br>ORDER<br><br>(ECF Nos. 63, 64) |

On February 6, 2025, Defendant Director of California Department of State Hospitals Pam Ahlin and Defendant Executive Director of California Department of State Hospitals - Napa State Hospital Dolly Matteucci's (collectively, "State Defendants") filed a request for a clarification of the Court's January 31, 2025 Order, and a 45-day extension of the February 7, 2025 deadline. (ECF No. 64.)

In support of their original motion for summary judgment, the State Defendants submitted July 2019 declarations from *Luong, et al. v. Alameda County, et al.*, No. 3:17-cv-6675 EMC (N.D. Cal.), which is a different case with a different plaintiff in a different district court, from the following declarants: Defendant Matteucci (ECF No. 47 at 49-50), Defendant Ahlin (ECF No. 47 at 51-52), Amy Prothero (ECF No. 47 at 35-40), and

George Maynard (ECF No. 47 at 41-48). The State Defendants' original summary judgment motion did not provide any indication that this was intentional, by for example, explaining that the declarations were being submitted from a different case because certain issues overlapped. The State Defendants' original summary judgment motion also argued that they did not have any personal knowledge of Plaintiff or his mental condition. *See, e.g.,* State Defs. Orig. MSJ at 1 (neither "Ahlin nor Matteucci knew of Stallings' existence nor anything about his mental state or needs before his release from jail"). The declarations submitted by the State Defendants establish lack of personal knowledge or awareness by State Defendants for a different plaintiff.

Whether State Defendants elect to re-file a corrected motion for summary judgment is up to them. If State Defendants elect to re-file for summary judgment, they must re-file their summary judgment motion and accompanying documents with any updated citations. If State Defendants elect to re-file, it is up to them whether they submit only the identical July 2019 declarations as they suggest (ECF No. 64), or the identical declarations and new declarations that address this Plaintiff, or only new declarations. If State Defendants elect to re-file the identical July 2019 declarations, they may submit them with updated citations in their summary judgment motion indicating that they are intentionally submitting the July 2019 declarations from a different case, which will ensure that the record is clear. They do not need to have the July 2019 declarations re-signed or reproduced on the correct case caption for this case.

## CONCLUSION

In conclusion, the Court ORDERS as follows:

1. The Court GRANTS the State Defendants' request for an extension to re-file their corrected motion for summary judgment **by March 24, 2025**, which is an additional 45 days from the February 7, 2025 deadline. All other requirements of the January 31, 2025 Order regarding the State Defendants' corrected submissions apply.

2. Given the extension provided to the State Defendants, Plaintiff Pablo Stallings will be permitted to file an optional supplemental opposition **within fourteen**

**(14) days of the filing** of State Defendants' corrected motion for summary judgment, following the requirements of the January 31, 2025 Order regarding his supplemental opposition.

3. If Plaintiff files a supplemental opposition, the State Defendants will be permitted to file an optional sur-reply within five (5) days of the filing of Plaintiff's supplemental opposition, following the requirements of the January 31, 2025 Order regarding the sur-reply.

4. The Court modifies its January 31, 2025 Order as to the declarations of Plaintiff's mother, his guardian ad litem (La Virrise Bynes), and Plaintiff, which were submitted in support of Plaintiff's opposition to both the State Defendants' motion for summary judgment and Defendant Tom Ferrara's motion for summary judgment. (*See* ECF Nos. 48-2, 48-3, 50-3, 50-4.) **By February 21, 2025,** Plaintiff must file the original signed versions of Plaintiff's declaration (ECF Nos. 48-3, 50-3) and Bynes's declaration (ECF No. 48-2, 50-4) regardless of whether and when the State Defendants file a corrected motion for summary judgment. As previously ordered, no changes may be made to either declaration.

Dated: February 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE