1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PABLO STALLINGS, BY AND              Case No. 2:18-cv-02073 DJC-CSK
    THROUGH HIS GUARDIAN AD LITEM
12  LAVIRRISE BYNES,

13                 Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                         RE: DEFENDANT FERRARA'S MOTION
14       v.                              FOR SUMMARY JUDGMENT

15  TOM FERRARA, PAM AHLIN, AND          (ECF No. 46)
    DOLLY MATTEUCCI,
16
                   Defendants.
17

18
         Pending before the Court is Defendant Solano County Sheriff Thomas Ferrara's
19
    motion for summary judgment.[1] (ECF No. 46.) For the reasons stated below, the Court
20
    recommends GRANTING Defendant Sheriff Ferrara's motion for summary judgment.
21
         Defendant Director of California Department of State Hospitals Pam Ahlin and
22
    Defendant Executive Director of California Department of State Hospitals - Napa State
23
    Hospital Dolly Matteucci's (collectively, "State Defendants") motion for summary
24
    judgment was denied without prejudice to permit re-filing. State Defs. MSJ (ECF No. 47);
25
    1/31/2025 Order (ECF No. 63); 2/6/2025 Order (ECF No. 65). The State Defendants'
26

27  ───────────────────
    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
28  Civ. P. 72, and Local Rule 302(a).

                                         1

1  corresponding motion to strike the declaration of Plaintiff Pablo Stallings' counsel

2  submitted in support of Plaintiff's opposition will be addressed upon the re-filing of the

3  State Defendants' motion for summary judgment. (ECF No. 56.)

4  **I.    BACKGROUND**

5      **A.    Facts**

6        Plaintiff was arrested on or around August 22, 2016 in Solano County and was

7  booked into the Solano County Jail. First Am. Compl. ("FAC") ¶¶ 16-17. Criminal

8  proceedings were initiated against Plaintiff in Solano County Superior Court. *See* FAC

9  ¶ 18. Plaintiff's criminal defense counsel (who is not his counsel in this civil action) raised

10  concerns regarding Plaintiff's competency to stand trial. *Id.* ¶ 19. Plaintiff was ultimately

11  found incompetent to stand trial ("IST") by the Solano County Superior Court. *Id.* ¶ 21.

12  On November 18, 2016, the Solano County Superior Court ordered placement of Plaintiff

13  at a state hospital and committed Plaintiff to the California Department of State

14  Hospitals. *Id.* ¶¶ 22-24; 11/18/2016 Solano County Superior Court Order Committing

15  Defendant ("Commitment Order") (ECF No. 48-5).[2] Plaintiff was not, however,

16  transferred to a State Hospital. *See* FAC. Plaintiff alleges that while he was incarcerated

17  at the Solano County Jail, his mental health deteriorated and his mental illness was

18  untreated. *Id.* ¶¶ 32-37. In January 2017, the Solano County Superior Court dismissed

19  the criminal charges against Plaintiff, who was released to return to his home. *Id.* ¶ 38.

20      **B.    Procedural Background[3]**

21        On July 29, 2018, Plaintiff filed his Complaint, moved to appoint a guardian ad

22  litem, and requested in forma pauperis status. (ECF Nos. 1-3.) In forma pauperis status

23  was granted, and Lavirrise Bynes was appointed as Plaintiff's guardian ad litem. (ECF

24  Nos. 5, 8.) Three separate motions to dismiss were filed by various defendants, which

25  ───────────────

26  [2]  The FAC identifies the date of the Commitment Order as November 16, 2016. FAC
¶ 24. The Commitment Order that Plaintiff attached to his opposition was filed on
November 18, 2016. (ECF No. 48-5.) The Court refers to the actual filing date for the

27  order, rather than the date in the unverified FAC.

28  [3]  As the parties are familiar with this action, the Court provides a brief summary of the
procedural background.

1  were granted in part and denied in part by the district court on September 24, 2019.

2  (ECF Nos. 14, 16, 17, 32.) Plaintiff was granted leave to file an amended complaint

3  subject to the Court's order on the motions to dismiss.

4      On October 24, 2019, Plaintiff filed his unverified First Amended Complaint

5  ("FAC"), which is the operative complaint. (ECF No. 33.) The FAC alleges a § 1983

6  Fourteenth Amendment due process claim against State Defendants for

7  (1) unreasonably delaying Plaintiff's transfer and admission to Napa State Hospital, and

8  (2) failing to provide adequate medical care to Plaintiff while Plaintiff awaited placement

9  in a state hospital (FAC ¶¶ 44-45, 54); and against Defendant Ferrara for (3) failing to

10  provide adequate medical care to Plaintiff while Plaintiff awaited placement in a state

11  hospital (FAC ¶ 61). All claims are brought against the defendants in their personal

12  capacities. FAC at 10:2-3 & ¶¶ 9-11. Defendant Ahlin filed a motion to dismiss the FAC,

13  which the Court denied on September 23, 2021. (ECF Nos. 36, 42.)

14      On December 14, 2022, Defendant Ferrara filed his motion for summary

15  judgment. On December 19, 2022, the State Defendants also moved for summary

16  judgment. Plaintiff opposed both motions and Defendants filed their replies. (ECF Nos.

17  48-53, 55, 57.) The State Defendants also filed a motion to strike Plaintiff's counsel's

18  declaration. (ECF Nos. 56, 58, 59.) The case was subsequently re-assigned to a

19  different district judge in April 2023 and a different magistrate judge in April 2024. (ECF

20  Nos. 60, 61.) The summary judgment motions and motion to strike were referred to the

21  undersigned on October 25, 2024. (ECF No. 62.)

22      On January 31, 2025, the Court denied the State Defendants' motion for summary

23  judgment without prejudice to refiling because they submitted declarations in support of

24  their motion for summary judgment that were from a different case with a different

25  plaintiff in a different district court, albeit with some similar issues and declarants.

26  1/31/2025 Order (ECF No. 63). The refiled motion was due within seven (7) days. *Id*. On

27  February 6, 2025, the State Defendants filed a request for a clarification of the Court's

28  January 31, 2025 Order, and a 45-day extension of the February 7, 2025 deadline. (ECF

1  No. 64.) On February 12, 2025, the Court granted the State Defendants' extension
2  request. 2/12/2025 Order (ECF No. 65). The Court also ordered Plaintiff to file by
3  February 21, 2025 the original signed versions of Plaintiff's declaration (ECF Nos. 48-3,
4  50-3) and Bynes's declaration (ECF No. 48-2, 50-4), which were not submitted in
5  compliance with Local Rule 131. 2/12/2025 Order. Signed versions of Plaintiff's
6  declaration and Bynes's declaration were not, however, filed. *See* Docket.

7  ## II.    SUMMARY JUDGMENT STANDARDS

8         Summary judgment is appropriate when there is "no genuine dispute as to any
9  material fact and the mov[ing party] is entitled to a judgment as a matter of law." Fed. R.
10  Civ. P. 56(c). The principal purpose of summary judgment is to dispose of factually
11  unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
12  Therefore, the "threshold inquiry" is whether there are any factual issues that could
13  reasonably be resolved in favor of either party, or conversely, whether the facts are so
14  one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*,
15  477 U.S. 242, 250-52 (1986). Summary judgment should be entered, after adequate
16  time for discovery and upon motion, against a party who fails to make a showing
17  sufficient to establish the existence of an element essential to that party's case, and on
18  which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A]
19  complete failure of proof concerning an essential element of the nonmoving party's case
20  necessarily renders all other facts immaterial." *Id.* at 323.

21         In a summary judgment motion, the moving party must inform the court of the
22  basis for the motion and identify the portion of the record that it believes demonstrates
23  the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving
24  party meets its initial burden, the burden then shifts to the opposing party to establish
25  that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*
26  *Corp.*, 475 U.S. 574. 585 (1986). To establish the existence of genuine issue of material
27  fact, the opposing party may not rely upon the allegations or denials of its pleadings, but
28  must tender evidence of specific facts in the form of affidavits, and/or admissible

1    discovery material. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The

2    opposing party must demonstrate that the fact might affect the outcome of the suit and a

3    reasonable jury could return a verdict for the opposing party. *See Anderson*, 477 U.S. at

4    248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

5    1987). For the moving party to succeed, the court must conclude that no rational trier of

6    fact could find for the opposing party. *Matsushita*, 475 U.S. at 587.

7        All reasonable inferences that may be drawn from the facts placed before the

8    court must be drawn in favor of the opposing party. *See Anderson*, 477 U.S. at 255;

9    *Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it

10   is the opposing party's obligation to produce a factual predicate from which the inference

11   may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D.

12   Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). In addition, while a verified

13   complaint may be considered as evidence at the summary judgment stage "if it is based

14   on personal knowledge and if it sets forth the requisite facts with specificity," *Lopez v.*

15   *Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc), an unverified complaint

16   cannot be considered as evidence. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006)

17   (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995); *Lew v.*

18   *Kona Hospital*, 754 F.2d 1420, 1423-24 (9th Cir. 1985)).

19   **III.    PLAINTIFF'S FILINGS**

20       Before turning to the merits, the Court first addresses various issues with

21   Plaintiff's summary judgment filings.

22       **A.    Attachments to Plaintiff's Opposition**

23       Plaintiff attached to his opposition the November 18, 2016 Commitment Order.

24   (ECF No. 48-5.) The Court can properly consider this state court order, and can also

25   take judicial notice of it. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.

26   2012) (approving judicial notice of documents from judicial proceedings); Fed. R. Evid.

27   201.

28   / / /

1

2     **B.**    **Declarations Submitted By Plaintiff and Bynes**

3     Plaintiff submitted declarations from Ms. Bynes, his mother and guardian ad litem,

and Plaintiff.[4] *See* 12/28/2022 Decl. La Virrise Bynes (ECF No. 50-4); 12/28/2022 Decl.

4 Pablo Stallings (ECF No. 50-3). The same declaration from Plaintiff and Bynes were

5 submitted in opposition to both Ferrara's motion for summary judgment and the State

6 Defendants' motion for summary judgment. *See* 12/28/2022 Pl. Decl. (ECF Nos. 48-3,

7 50-3); 12/28/2022 Bynes Decl. (ECF No. 48-2, 50-4). Because Plaintiff's and Bynes's

8 declarations did not comply with the signature requirement pursuant to Local Rule 131(f),

9 Plaintiff was ordered to submit the original signed declarations by February 21, 2025.

10 2/12/2025 Order (ECF No. 65). Unfortunately, as of February 24, 2025 morning, signed

11 versions of Plaintiff's declaration and Bynes's declaration were not filed despite the

12 Court's order and the opportunity provided to correct the defects. *See* Docket. The Court

13 therefore declines to consider the defective declarations.[5]

14     **C.**    **Declarations Submitted By Plaintiff's Counsel**

15     Plaintiff's counsel also submitted four separate declarations in his name. In

16 support of Plaintiff's oppositions to each motion for summary judgment, Plaintiff's

17 counsel submitted a separate declaration. 12/28/2022 Stanley Goff Decl. ISO Pl. Opp'n

18 Ferrara MSJ (ECF No. 48-1) ("First Goff Decl."); 1/2/2023 Stanley Goff Decl. ISO Pl.

19 Opp'n State Defs. MSJ (ECF No. 50-2) ("Third Goff Decl."). Plaintiff's counsel also filed

20 two separate declarations that are not attached to either of Plaintiff's oppositions and do

21 not specify which summary judgment motion they address. 12/28/2022 Stanley Goff

22 Decl. ISO Pl. Opp'n Defs.' MSJ (ECF No. 49) ("Second Goff Decl."); 1/2/2023 Stanley

23

24 _____

[4]  The Court will separately address the declaration of Plaintiff's counsel, which is
subject to a pending motion to strike by the State Defendants. (ECF No. 56.)

25 [5]  The Court notes, however, that even if properly signed declarations had been filed for

26 Plaintiff and Bynes, and both declarations were considered, they would not change the
Court's findings and recommendations because they do not refer to Sheriff Ferrara at all.

27 *See* 12/28/2022 Pl. Decl.; 12/28/2022 Bynes Decl. As a result, neither declaration would
have established a genuine issue of material fact as to the sole claim against Sheriff

28 Ferrara.

Goff Decl. ISO Pl. Opp'n Defs. MSJ (ECF No. 52) ("Fourth Goff Decl."). Based on the dates of their filing, the Court assumes that the Second Goff Declaration is submitted in opposition to Defendant Ferrara's motion for summary judgment, and the Fourth Goff Declaration is submitted in opposition to the State Defendants' motion for summary judgment.

In reviewing Ferrara's motion for summary judgment, the Court therefore focuses its review on the First and Second Goff Declarations.[6] Both declarations have problems. The Second Goff Declaration purports to attach Solano County Superior Court orders, but does not actually attach anything. The First Goff Declaration has other problems. This declaration addresses Plaintiff's mental diagnosis of paranoia schizophrenia, his August 2016 arrest, his state court criminal proceedings, his detention in the Solano County jail, and his physical and mental condition while detained in the Solano County jail. *See* First Goff Decl.

Under Rule 56(c)(4), declarations used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). While this declaration states that it is based on personal knowledge of the facts averred, the declaration does not provide any basis for Goff's personal knowledge. *See* First Goff Decl. For example, adequate personal knowledge for some of the facts averred could be established if Goff was Plaintiff's criminal defense counsel in the state court proceedings, if Goff observed or participated in the state court proceedings, if Goff visited or observed Plaintiff during his 2016 detention, or if Goff participated in the competency evaluation described. The Court also notes that large portions of Goff's declaration appear to be copied and pasted from the unverified FAC. *Compare* FAC ¶¶ 15-22 and ¶¶ 32-33, *with* First Goff Decl. ¶¶ 1-6 and ¶¶ 8-9.

---

[6]   The Court will separately address the State Defendants' motion to strike Plaintiff's counsel's declaration upon re-filing of the State Defendants' motion for summary judgment.

In addition to lacking personal knowledge, the accuracy of the declaration is questionable. For example, in the First Goff Declaration, counsel states that the Solano County Superior Court dismissed the criminal charges against Plaintiff in February 2017, but the FAC alleges charges were dismissed and Plaintiff was released in January 2017. *Compare* First Goff Decl. ¶ 11, with FAC ¶ 38. In addition, to the extent the declaration summarizes the Solano County Superior Court's orders, this is unnecessary. As described above, the Court may properly take judicial notice of state court orders.

The Court therefore declines to consider the First Goff Declaration because it lacks personal knowledge and does not meet the requirements of Rule 56(c)(4). *See* Fed. R. Civ. P. 56(c)(4); *Wicker*, 543 F.3d at 1178.

## IV.    42 U.S.C. § 1983 STANDARDS

The FAC alleges a § 1983 Fourteenth Amendment due process claim against Sheriff Ferrara for failing to provide adequate medical care to Plaintiff while Plaintiff awaited placement in a state hospital (FAC ¶ 61). This claim is brought against Sheriff Ferrara in his personal capacity. FAC at 10:2-3 & ¶ 11.

To bring a claim under 42 U.S.C. § 1983, a plaintiff must show the violation of a right protected by the Constitution and laws of the United States, and that the alleged violation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). The statute does not serve as an independent source of substantive rights, rather it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014).

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122, 1125 n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard:

> [T]he elements of a pretrial detainee's medical care claim

against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case." *Id.* (citations and internal quotation marks omitted). The four-part test articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than subjective intent– something akin to reckless disregard. *See id.*

Plaintiff's claims are brought against three supervisory officials:  Sheriff Ferrara, Director of California Department of State Hospitals Ahlin, and Executive Director of Napa State Hospital Matteucci. Under § 1983, a supervisory official is "not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. (internal quotation marks omitted). A causal connection is established "by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 798 (9th Cir. 2018) (alteration in original) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011)). Therefore, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d at 1208.

1  **V.    FERRARA'S MOTION FOR SUMMARY JUDGMENT**

2          The sole claim against Defendant Sheriff Ferrara is brought against him in his

3  personal capacity for failing to provide adequate medical care to Plaintiff while Plaintiff

4  awaited placement in a state hospital. FAC ¶¶ 58, 60, 61. Plaintiff alleges he was entitled

5  to adequate mental healthcare after the state court found him incompetent to stand trial,

6  and the state court commitment order triggered Ferrara's duty to provide adequate

7  mental healthcare. FAC ¶¶ 58, 60. The claim is therefore limited to the time period after

8  the state court issued its commitment order on November 18, 2016, and when the state

9  court dismissed the charges against Plaintiff in January 2017, releasing Plaintiff. *See*

10  FAC ¶¶ 38, 58, 60.

11          Ferrara argues that the Court should grant him summary judgment because

12  Plaintiff fails to show Ferrara's personal participation in the alleged deprivations, which is

13  required to establish liability of a supervisory official. Def. Ferrara MSJ at 5. Ferrara

14  argues that he had no knowledge of and did not participate in Plaintiff's incarceration,

15  "the delivery or consideration of care to be provided to" Plaintiff, or in Plaintiff's transfer

16  to a state hospital, and submits a signed declaration under penalty of perjury. *Id*. at 5-6;

17  *see* 11/28/2022 Decl. Thomas Ferrara ¶¶ 4-11. Ferrara further states in his declaration

18  that he had no knowledge or awareness of the state court Commitment Order, and that

19  this order was not presented to him. *Id*. ¶¶ 4-8, 11.

20          Defendant Ferrara has met his initial burden to demonstrate the absence of a

21  genuine issue of material fact. The burden shifts to Plaintiff to establish that there is a

22  genuine issue of material fact, and Plaintiff must tender evidence of specific facts

23  through affidavits or admissible discovery material, and may not rely on the allegations in

24  his pleadings. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.

25          Summary judgment should be granted for Sheriff Ferrara because there is a

26  complete failure of proof. Plaintiff's § 1983 claim against a supervisory official requires

27  establishing either Ferrara's personal participation or a causal connection between

28  Ferrara's conduct and the alleged constitutional violation. *See Crowley*, 734 F.3d at 977.

1  Plaintiff does not present any evidence of Ferrara's personal participation in Plaintiff's

2  care at the Solano County Jail or knowledge of the Commitment Order. *See* Pl. Opp'n.

3  Plaintiff also does not present any evidence of the alleged constitutional violation—the

4  failure to provide adequate mental healthcare after Plaintiff was found incompetent in

5  mid-November 2016—or a causal connection between Ferrara's conduct and the

6  alleged constitutional violation. *See* Pl. Opp'n. As described above, the Court cannot

7  consider Plaintiff's counsel's declaration because it is not based on personal knowledge,

8  and counsel fails to provide the basis of his personal knowledge. *See* First Goff Decl. In

9  addition, the FAC is not verified, and therefore cannot be considered as evidence at

10  summary judgment. *See Moran*, 447 F.3d at 759-60. Nor can the Court consider the

11  declarations from Plaintiff and Bynes, which were not properly signed despite being

12  provided the opportunity to correct the defect.

13  　　Plaintiff argues that the state court Commitment Order establishes Ferrara's

14  knowledge of Plaintiff's condition and need for mental health treatment, and that despite

15  his knowledge from this order, Ferrara took no steps to secure treatment for Plaintiff. Pl.

16  Opp'n at 5-6. But where Ferrara has put forth evidence that he had "no personal or any

17  knowledge" of the Commitment Order, and "was never made aware of any such order,"

18  Ferrara Decl. ¶¶ 5-6, Plaintiff must put forth competent evidence that creates a genuine

19  dispute as to Ferrara's knowledge. Plaintiff has not presented any evidence of Ferrara's

20  actual or constructive knowledge of the state court Commitment Order, which issued on

21  November 18, 2016, almost three months after Plaintiff was arrested and booked into the

22  Solano County Jail. Plaintiff argues in his opposition that "[a] 1370 Packet was sent to

23  the transportation unit of the Solano County Sheriff's Office," citing to Plaintiff's counsel's

24  declaration for evidentiary support. Pl. Opp. at 2. As described above, the Court cannot

25  consider Plaintiff's counsel's declaration or the unverified FAC.

26  　　In his separate statement of disputed material fact, Plaintiff repeats, almost

27  verbatim, the same response for each of the nine facts and cites to the same sources for

28  each response:  the state court Commitment Order and specific paragraphs within

1    counsel's declaration, Bynes's declaration, and Plaintiff's declaration. (ECF No. 48-4 at

2    2-5.) None of these sources, however, support a finding of Ferrara's knowledge or create

3    a genuine dispute of material fact. Plaintiff did not submit any discovery responses,

4    deposition testimony, or any other evidence to create a genuine issue of material fact

5    regarding Ferrara's knowledge of the Commitment Order. By contrast, in Plaintiff's

6    opposition to the State Defendants' motion for summary judgment, Plaintiff attaches the

7    state court's Order to Show Cause (OSC) Re: Contempt issued to Defendant Matteucci

8    with a certificate of mailing that provides proof that this order was served on Defendant

9    Matteucci. *Compare* Solano Superior Court OSC (ECF No. 50-6 at 4), *with* Solano

10   Superior Court Commitment Order (ECF No. 48-5).

11         Plaintiff cites to *Atayde v. Napa State Hospital, et al.*, 2016 U.S. Dist. LEXIS

12   126639, 2016 WL 4943959 (E.D. Cal. Sep. 16, 2016), for his argument that the state

13   court Commitment Order establishes Ferrara's knowledge. *Atayde v. Napa State*

14   *Hospital* also addressed § 1983 claims brought against county and state officials related

15   to mental healthcare provided to a pretrial detainee in a county jail and the detainee's

16   transfer to a Department of State Hospitals facility through a state court commitment

17   order. 2016 WL 4943959. The *Atayde* decision cited addresses whether a § 1983 claim

18   was sufficiently pled in the complaint at the motion to dismiss stage, which is a

19   completely different standard than at summary judgment. *See id*. at *10. The *Atayde*

20   finding that the complaint sufficiently alleged the Sheriff's knowledge based on the state

21   court order does not apply here because at summary judgment, the focus is not on the

22   sufficiency of the FAC's pleading. Plaintiff may not rely upon the allegations in his FAC

23   and must tender evidence of specific facts in the form of affidavits, and/or admissible

24   discovery material. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. Plaintiff

25   has failed to do so. In addition, the *Atayde* court subsequently granted summary

26   judgment for the remaining government officials. *See Atayde v. Napa State Hospital, et*

27   *al.*, 2022 WL 1215234 (E.D. Cal. Apr. 25, 2022).

28         Because there is no dispute that Ferrara did not personally participate in the

12

1    alleged failure to provide adequate medical care, to succeed on Plaintiff's claim against

2    a supervisory official, Plaintiff must put forth evidence of a sufficient causal connection

3    between Ferrara's wrongful conduct and the alleged constitutional violation. Plaintiff has

4    failed to put forward any evidence of a causal connection between Ferrara's conduct and

5    the alleged wrongful conduct. *See Crowley*, 734 F.3d at 977.

6         Ultimately, there is a failure of proof and summary judgment should be granted for

7    Defendant Sheriff Ferrara. *See Malone v. Sziebert*, 2022 WL 17883792, at *2-3 (9th Cir.

8    Dec. 23, 2022) (affirming summary judgment for defendant on § 1983 claim because

9    plaintiff failed to rebut defendant's declaration "that he had no personal involvement in,

10   and was not responsible for" the alleged misconduct); *Lemoon v. California Forensic*

11   *Med. Grp., Inc.*, 575 F. Supp. 3d 1212, 1223 (N.D. Cal. 2021) ("It is undisputed that

12   Sheriff Ferrara did not interact or engage with Conaway before Conaway committed

13   suicide. Indeed, Sheriff Ferrara was not aware of Conaway's presence in the jail until he

14   was notified of Conaway's death. As such, plaintiff cannot prove that Sheriff Ferrara

15   knew of and disregarded Conaway's health risks. For the same reason, plaintiff cannot

16   show that Sheriff Ferrara made an intentional decision that increased the substantial risk

17   of harm to Conaway. Accordingly, Sheriff Ferrara, in his individual capacity is entitled to

18   summary judgment on this claim.").

19        Though Plaintiff addresses qualified immunity in his opposition, the Court declines

20   to address this issue because Ferrara did not raise qualified immunity in his summary

21   judgment motion and because there has been no finding of a constitutional violation.

22   *See* Def. Ferrara MSJ; Pl. Opp'n at 6.

23   **VI.    CONCLUSION**

24        For the reasons provided above, it is RECOMMENDED that Defendant Sheriff

25   Ferrara's motion for summary judgment (ECF No. 46) be GRANTED, and judgment be

26   entered for Ferrara.

27        These findings and recommendations are submitted to the United States District

28   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE