1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PABLO STALLINGS, BY AND                    Case No. 2:18-cv-02073 DJC-CSK
      THROUGH HIS GUARDIAN AD LITEM
12    LAVIRRISE BYNES,                           ORDER RE: PLAINTIFF'S REQUEST FOR
                                                 JUDICIAL NOTICE AND STATE
13                    Plaintiff,                 DEFENDANTS' MOTION TO STRIKE

14         v.                                    FINDINGS AND RECOMMENDATIONS
                                                 RE: STATE DEFENDANTS' MOTION FOR
15    TOM FERRARA, PAM AHLIN, AND                SUMMARY JUDGMENT
      DOLLY MATTEUCCI,
16                                               (ECF Nos. 51, 56, 69)
                      Defendants.
17

18

19          Pending before the Court are the following motions: (1) Defendant Director of

20    California Department of State Hospitals Pam Ahlin and Defendant Executive Director of

21    California Department of State Hospitals - Napa State Hospital Dolly Matteucci's

22    (collectively, "State Defendants") motion for summary judgment; (2) State Defendants'

23    motion to strike the declaration of Plaintiff Pablo Stallings' counsel submitted in support

24    of Plaintiff's opposition; and (3) Plaintiff's request for judicial notice. State Defs. MSJ

25    (ECF No. 69); State Defs. Mot. Strike (ECF No. 56); Pl. Request for Judicial Notice

26    (RJN) (ECF No. 51). The motions were referred to the undersigned.[1] (ECF Nos. 62, 70.)

27    _____

28    [1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c).

                                              1

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART State Defendants' motion to strike; DENIES Plaintiff's request for judicial notice; and recommends GRANTING/DENYING State Defendants' motion for summary judgment.

## I.    BACKGROUND

### A.    Facts

Plaintiff was arrested on or around August 22, 2016 in Solano County and was booked into the Solano County Jail. First Am. Compl. ("FAC") ¶¶ 16-17. Criminal proceedings were initiated against Plaintiff in Solano County Superior Court. *See* FAC ¶ 18. Plaintiff's criminal defense counsel (who is not his counsel in this civil action) raised concerns regarding Plaintiff's competency to stand trial. *Id*. ¶ 19. Plaintiff was ultimately found incompetent to stand trial ("IST") by the Solano County Superior Court. *Id*. ¶ 21. On November 18, 2016, the Solano County Superior Court ordered placement of Plaintiff at a state hospital and committed Plaintiff to the California Department of State Hospitals. *Id*. ¶¶ 22-24; 11/18/2016 Solano County Superior Court Order Committing Defendant ("Commitment Order") (ECF No. 48-5).[2] Plaintiff was not, however, transferred to a State Hospital. *See* FAC. Plaintiff alleges that while he was incarcerated at the Solano County Jail, his mental health deteriorated and his mental illness was untreated. *Id*. ¶¶ 32-37. In January 2017, the Solano County Superior Court dismissed the criminal charges against Plaintiff, who was released to return to his home. *Id*. ¶ 38.

### B.    Procedural Background[3]

On July 29, 2018, Plaintiff filed his Complaint, moved to appoint a guardian ad litem, and requested in forma pauperis status. (ECF Nos. 1-3.) In forma pauperis status was granted, and Lavirrise Bynes was appointed as Plaintiff's guardian ad litem. (ECF Nos. 5, 8.) Three separate motions to dismiss were filed by various defendants, which

---

[2]   The FAC identifies the date of the Commitment Order as November 16, 2016. FAC ¶ 24. The Commitment Order that Plaintiff attached to his opposition was filed on November 18, 2016. (ECF No. 48-5.) The Court refers to the actual filing date for the order, rather than the date in the unverified FAC.

[3]   As the parties are familiar with this action, the Court provides a brief summary of the procedural background.

were granted in part and denied in part by the district court on September 24, 2019. (ECF Nos. 14, 16, 17, 32.) Plaintiff was granted leave to file an amended complaint subject to the Court's order on the motions to dismiss.

On October 24, 2019, Plaintiff filed his unverified First Amended Complaint ("FAC"), which is the operative complaint. (ECF No. 33.) The FAC alleges a § 1983 Fourteenth Amendment due process claim against State Defendants for (1) unreasonably delaying Plaintiff's transfer and admission to Napa State Hospital, and (2) failing to provide adequate medical care to Plaintiff while Plaintiff awaited placement in a state hospital (FAC ¶¶ 44-45, 54); and against Defendant Solano County Sheriff Thomas Ferrara for (3) failing to provide adequate medical care to Plaintiff while Plaintiff awaited placement in a state hospital (FAC ¶ 61). All claims are brought against the defendants in their personal capacities. FAC at 10:2-3 & ¶¶ 9-11. Defendant Ahlin filed a motion to dismiss the FAC, which the Court denied on September 23, 2021. (ECF Nos. 36, 42.)

On December 14, 2022, Defendant Sheriff Ferrara filed his motion for summary judgment. On December 19, 2022, State Defendants also moved for summary judgment. Plaintiff opposed both motions and Defendants filed their replies. (ECF Nos. 48-53, 55, 57.) State Defendants also filed a motion to strike Plaintiff's counsel's declaration. (ECF Nos. 56, 58, 59.) The case was subsequently re-assigned to a different district judge in April 2023 and a different magistrate judge in April 2024. (ECF Nos. 60, 61.) The summary judgment motions and motion to strike were referred to the undersigned. (ECF Nos. 62, 70.)

On January 31, 2025, this Court denied State Defendants' motion for summary judgment without prejudice to refiling because they submitted declarations in support of their motion for summary judgment that were from a different case with a different plaintiff in a different district court, albeit with some similar issues and declarants. 1/31/2025 Order (ECF No. 63). The re-filed motion was due within seven (7) days. *Id*. On February 6, 2025, State Defendants filed a request for a clarification of the Court's

January 31, 2025 Order, and a 45-day extension of the February 7, 2025 deadline. (ECF No. 64.) On February 12, 2025, the Court granted State Defendants' extension request. 2/12/2025 Order (ECF No. 65). The Court also ordered Plaintiff to file by February 21, 2025 the original signed versions of Plaintiff's declaration (ECF Nos. 48-3, 50-3) and Bynes's declaration (ECF No. 48-2, 50-4), which were not submitted in compliance with Local Rule 131. 2/12/2025 Order. Signed versions of Plaintiff's declaration and Bynes's declaration were not, however, filed. *See* Docket.

On February 24, 2025, this Court recommended granting Defendant Sheriff Ferrara's motion for summary judgment. (ECF No. 66.) No objections were filed. *See* Docket. On March 21, 2025, the district judge adopted the findings and recommendations in full, granting Defendant Sheriff Ferrara's motion for summary judgment and entering judgment for Mr. Ferrara. (ECF No. 67.)

On March 24, 2025, State Defendants re-filed their motion for summary judgment, electing to re-file the previously submitted declarations and re-file the same summary judgment motion, adding only one new section that is two paragraphs long and titled "Defendants Ahlin And Matteucci's Response To Courts Order Regarding Use Of Prior Declarations" on page 3 of their re-filed motion (ECF No. 69 at 9). As the Court previously ordered, Plaintiff Pablo Stalling's opposition documents (ECF Nos. 50, 50-1, 50-2, 50-5, 50-6, 50-7, 52, 53) and State Defendants' reply (ECF No. 55) were deemed submitted without re-filing. *See also* 4/4/2025 Order at 2 (ECF No. 72).

On April 3, 2025, Plaintiff filed a request for additional time to file his supplemental opposition to State Defendants' re-filed motion to provide Plaintiff with additional time to retain counsel where current counsel has been terminated from representation by Plaintiff's guardian ad litem and new counsel has not yet been retained.[4] (ECF No. 71.) The Court granted in part Plaintiff's request, granting Plaintiff a 60-day extension to June

---

[4]   As of the filing of Plaintiff's request on April 3, 2025, Plaintiff's current counsel (Stanley Goff) remained counsel of record for Plaintiff and had not yet moved to withdraw as counsel. *See* Docket.

1    6, 2025 to file his optional supplemental opposition to State Defendants' re-filed motion

2    for summary judgment, limited to only responding to any new material from State

3    Defendants' re-filed motion. Plaintiff did not file a supplemental opposition, and

4    therefore, briefing is now complete. *See* Docket. In addition, as of August 1, 2025,

5    Plaintiff's current counsel (Mr. Goff) remains counsel of record for Plaintiff and no motion

6    to withdraw as counsel has been filed. *See* Docket.

7    **II.**     **PLAINTIFF'S FILINGS**

8        Before turning to the merits, the Court first addresses various issues with

9    Plaintiff's summary judgment filings.

10       **A.**     **Attachments to Plaintiff's Opposition**

11        Plaintiff attached to his opposition the November 18, 2016 Commitment Order

12    and the November 28, 2016 Order to Show Cause Re: Contempt. (ECF Nos. 50-5, 50-

13    6.) The Court can properly consider these state court orders, and can also take judicial

14    notice of it. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)

15    (approving judicial notice of documents from judicial proceedings); Fed. R. Evid. 201.

16       **B.**     **Plaintiff's Request For Judicial Notice**

17        The court may take judicial notice of matters that are either "generally known

18    within the trial court's territorial jurisdiction" or "can be accurately and readily determined

19    from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

20    Public records, including judgments and other court documents, are proper subjects of

21    judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

22        In support of Plaintiff's opposition to State Defendants' motion for summary

23    judgment, Plaintiff requests that the Court take judicial notice "of the adjudicative facts

24    and evidence in *In re Chunn*," 86 Cal. App. 5th 639 (2022). (ECF No. 51.) The court may

25    review and rely on public decisions from a different court without taking judicial notice of

26    such decisions. It is improper, however, for the Court to judicially notice the underlying

27    facts and evidence in a different case from a different court, which is what Plaintiff

28    requests. That is because "when a court takes judicial notice of another court's opinion, it

1   may do so 'not for the truth of the facts recited therein, but for the existence of the

2   opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of*

3   *Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *Southern Cross Overseas*

4   *Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir.

5   1999)). Plaintiff's request to take judicial notice is therefore denied.

6           **C.      Declarations Submitted By Plaintiff and Bynes**

7           Plaintiff submitted declarations from Ms. Bynes, his mother and guardian ad litem,

8   and Plaintiff. *See* 12/28/2022 Decl. La Virrise Bynes (ECF No. 50-4); 12/28/2022 Decl.

9   Pablo Stallings (ECF No. 50-3). The same declaration from Plaintiff and Bynes were

10  submitted in opposition to both Ferrara's motion for summary judgment and State

11  Defendants' motion for summary judgment. *See* 12/28/2022 Pl. Decl. (ECF Nos. 48-3,

12  50-3); 12/28/2022 Bynes Decl. (ECF No. 48-2, 50-4). Because Plaintiff's and Bynes's

13  declarations did not comply with the signature requirement pursuant to Local Rule 131(f),

14  Plaintiff was ordered to submit the original signed declarations by February 21, 2025.

15  2/12/2025 Order (ECF No. 65). As of August 1, 2025, signed versions of Plaintiff's

16  declaration and Bynes's declaration were not filed despite the Court's order and the

17  opportunity provided to correct the defects. *See* Docket. The Court therefore declines to

18  consider the defective declarations.[5]

19          **D.      Declarations Submitted By Plaintiff's Counsel**

20          Plaintiff's counsel also submitted four separate declarations in his name. In

21  support of Plaintiff's oppositions to each motion for summary judgment, Plaintiff's

22  counsel submitted a separate declaration. 12/28/2022 Stanley Goff Decl. ISO Pl. Opp'n

23  Ferrara MSJ (ECF No. 48-1) ("First Goff Decl."); 1/2/2023 Stanley Goff Decl. ISO Pl.

24  Opp'n State Defs. MSJ (ECF No. 50-2) ("Third Goff Decl."). Plaintiff's counsel also filed

25  _____

26  [5]  The Court notes, however, that even if properly signed declarations had been filed for
    Plaintiff and Bynes, and both declarations were considered, they would not change the

27  Court's findings and recommendations because they do not refer to State Defendants
    Ahlin or Matteucci at all. *See* 12/28/2022 Pl. Decl.; 12/28/2022 Bynes Decl. As a result,

28  neither declaration would have established a genuine issue of material fact.

1    two separate declarations that are not attached to either of Plaintiff's oppositions and do

2    not specify which summary judgment motion they address. 12/28/2022 Stanley Goff

3    Decl. ISO Pl. Opp'n Defs.' MSJ (ECF No. 49) ("Second Goff Decl."); 1/2/2023 Stanley

4    Goff Decl. ISO Pl. Opp'n Defs. MSJ (ECF No. 52) ("Fourth Goff Decl."). Based on the

5    dates of their filing, the Court assumes that the Second Goff Declaration is submitted in

6    opposition to Defendant Ferrara's motion for summary judgment, and the Fourth Goff

7    Declaration is submitted in opposition to State Defendants' motion for summary

8    judgment.

9         In reviewing State Defendants' motion for summary judgment, the Court therefore

10   focuses its review on the Third and Fourth Goff Declarations. Both declarations have

11   problems. The Fourth Goff Declaration purports to attach Solano County Superior Court

12   orders, but does not actually attach anything.

13        State Defendants moved to strike the Third Goff Declaration as containing

14   inadmissible hearsay and because it is not based on personal knowledge. (ECF No. 56.)

15   The Third Goff Declaration addresses Plaintiff's mental diagnosis of paranoia

16   schizophrenia, his August 2016 arrest, his state court criminal proceedings, his detention

17   in the Solano County jail, and his physical and mental condition while detained in the

18   Solano County jail. *See* Third Goff Decl.

19        Under Rule 56(c)(4), declarations used to oppose a summary judgment motion

20   "must be made on personal knowledge, set out facts that would be admissible in

21   evidence, and show that the affiant or declarant is competent to testify on the matters

22   stated." Fed. R. Civ. P. 56(c)(4). While this declaration states that it is based on personal

23   knowledge of the facts averred, the declaration does not provide any basis for Goff's

24   personal knowledge. *See* Third Goff Decl. For example, adequate personal knowledge

25   for some of the facts averred could be established if Goff was Plaintiff's criminal defense

26   counsel in the state court proceedings, if Goff observed or participated in the state court

27   proceedings, if Goff visited or observed Plaintiff during his 2016 detention, or if Goff

28   participated in the competency evaluation described. The Court also notes that portions

1   of Goff's declaration appear to be copied and pasted from the unverified FAC. *Compare*

2   FAC ¶¶ 15-16, 19, 21, 29, 31-38, *with* Third Goff Decl. ¶¶ 1,2, 6-9.

3           Critically, in Plaintiff's opposition to the motion to strike, Plaintiff's counsel appears

4   to concede that counsel lacks personal knowledge because he does not dispute State

5   Defendants' argument that he lacks personal knowledge and he does not present the

6   basis for his personal knowledge. *See* Pl. Opp'n Mot. Strike at 6 (ECF No. 58). Instead,

7   counsel argues that because his declaration "concerns facts that can testified to by the

8   Plaintiff himself, his mother and criminal defense attorney at trial concerning his

9   conditions at the jail and how it affected him", the Court should overrule State

10  Defendants' objections. *Id*. The fact that other witnesses may have personal knowledge

11  of the facts Plaintiff's counsel avers in his declaration does not satisfy the requirement

12  that the declarant himself—here, Plaintiff's counsel—have personal knowledge. *See*

13  Fed. R. Civ. P. 56(c)(4); *Wicker v. Oregon ex rel. Bureau of Lab.*, 543 F.3d 1168, 1178

14  (9th Cir. 2008) (affirming district court's striking of portions of summary judgment

15  affidavits consisting of "assertions about a meeting which [affiants] apparently did not

16  attend and about which they had no personal knowledge").

17          The motion to strike also objects to the declaration's quotation of and reference to

18  Solano County Superior Court orders for failure to properly authenticate or seek judicial

19  notice of these orders. *See* State Defs. Mot. Strike at 2-3; Third Goff Decl. ¶¶ 3-6. State

20  Defendants do not actually dispute the authenticity of either state court order, but raise a

21  technical authentication argument. Though unclear, it appears that State Defendants

22  also attempt to generally object to the state court orders. *See* State Defs. Mot. Strike at

23  2-3.  Regardless, as discussed above, the Court can properly consider the state court

24  orders attached to Plaintiff's opposition and has taken judicial notice of them. *See Harris*

25  *v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of

26  documents from judicial proceedings); Fed. R. Evid. 201. Because the Court takes

27  judicial notice of these state court orders, the Court declines to consider Plaintiff's

28  counsel's summary and quotation of these orders in his declaration. *See* Third Goff Decl.

1    ¶¶ 3-7.

2    In conclusion, the Court GRANTS State Defendants' motion to strike the Third

3    Goff Declaration for lack of personal knowledge and for not meeting the requirements of

4    Rule 56(c)(4). *See* Fed. R. Civ. P. 56(c)(4); *Wicker*, 543 F.3d at 1178. The Court

5    DENIES the motion to strike as it relates to the Solano County Superior Court orders

6    attached to Plaintiff's summary judgment opposition, of which the Court has taken

7    judicial notice. As described above, Fourth Goff Declaration does not actually attach

8    anything. The Court therefore does not consider the Third or Fourth Goff Declarations.

9    **III.    SUMMARY JUDGMENT STANDARDS**

10    Summary judgment is appropriate when there is "no genuine dispute as to any

11    material fact and the mov[ing party] is entitled to a judgment as a matter of law." Fed. R.

12    Civ. P. 56(c). The principal purpose of summary judgment is to dispose of factually

13    unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

14    Therefore, the "threshold inquiry" is whether there are any factual issues that could

15    reasonably be resolved in favor of either party, or conversely, whether the facts are so

16    one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*,

17    477 U.S. 242, 250-52 (1986). Summary judgment should be entered, after adequate

18    time for discovery and upon motion, against a party who fails to make a showing

19    sufficient to establish the existence of an element essential to that party's case, and on

20    which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A]

21    complete failure of proof concerning an essential element of the nonmoving party's case

22    necessarily renders all other facts immaterial." *Id.* at 323.

23    In a summary judgment motion, the moving party must inform the court of the

24    basis for the motion and identify the portion of the record that it believes demonstrates

25    the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the

26    nonmoving party bears the burden of proof on an issue at trial, the moving party can

27    meet its burden by showing or "pointing out to the district court—that there is an absence

28    of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets

9

1   its initial burden, the burden then shifts to the opposing party to establish that there is a

2   genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

3   U.S. 574. 585 (1986). To establish the existence of genuine issue of material fact, the

4   opposing party may not rely upon the allegations or denials of its pleadings, but must

5   tender evidence of specific facts in the form of affidavits, and/or admissible discovery

6   material. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing

7   party must demonstrate that the fact might affect the outcome of the suit and a

8   reasonable jury could return a verdict for the opposing party. *See Anderson*, 477 U.S. at

9   248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

10  1987). For the moving party to succeed, the court must conclude that no rational trier of

11  fact could find for the opposing party. *Matsushita*, 475 U.S. at 587.

12          All reasonable inferences that may be drawn from the facts placed before the

13  court must be drawn in favor of the opposing party. *See Anderson*, 477 U.S. at 255;

14  *Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it

15  is the opposing party's obligation to produce a factual predicate from which the inference

16  may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D.

17  Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). In addition, while a verified

18  complaint may be considered as evidence at the summary judgment stage "if it is based

19  on personal knowledge and if it sets forth the requisite facts with specificity," *Lopez v.*

20  *Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc), an unverified complaint

21  cannot be considered as evidence. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006)

22  (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995); *Lew v.*

23  *Kona Hospital*, 754 F.2d 1420, 1423-24 (9th Cir. 1985)).

24  **IV.     42 U.S.C. § 1983 STANDARDS**

25          The FAC alleges a § 1983 Fourteenth Amendment due process claim against

26  State Defendants Ahlin and Matteucci for (1) unreasonably delaying Plaintiff's transfer

27  and admission to Napa State Hospital, and (2) failing to provide adequate medical care

28  to Plaintiff while Plaintiff awaited placement in a state hospital (FAC ¶¶ 44-45, 54). The

1    claims are brought against State Defendants in their personal capacity. FAC at 10:2-3 &

2    ¶¶ 9-10.

3         To bring a claim under 42 U.S.C. § 1983, a plaintiff must show the violation of a

4    right protected by the Constitution and laws of the United States, and that the alleged

5    violation was committed by a person who acted under color of state law. 42 U.S.C.

6    § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th

7    Cir. 2011). The statute does not serve as an independent source of substantive rights,

8    rather it provides "a method for vindicating federal rights elsewhere conferred." *Baker v.*

9    *McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Tatum v. Moody*, 768 F.3d 806, 814

10   (9th Cir. 2014).

11        A claim for a violation of a pretrial detainee's right to adequate medical care arises

12   under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v.*

13   *County of Orange*, 888 F.3d 1118, 1122, 1125 n.4 (9th Cir. 2018). The claim is

14   evaluated under an objective deliberate indifference standard:

15            [T]he elements of a pretrial detainee's medical care claim
             against an individual defendant under the due process clause
16           of the Fourteenth Amendment are: (i) the defendant made an
             intentional decision with respect to the conditions under which
17           the plaintiff was confined; (ii) those conditions put the plaintiff
             at substantial risk of suffering serious harm; (iii) the defendant
18           did not take reasonable available measures to abate that risk,
             even though a reasonable official in the circumstances would
19           have appreciated the high degree of risk involved—making the
             consequences of the defendant's conduct obvious; and (iv) by
20           not taking such measures, the defendant caused the plaintiff's
             injuries.
21

22   *Id*. at 1125. For the third element, the defendant's conduct must be objectively

23   unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each

24   particular case." *Id*. (citations and internal quotation marks omitted). The four-part test

25   articulated in *Gordon* requires the plaintiff to prove more than negligence, but less than

26   subjective intent– something akin to reckless disregard. *See id*.

27        Plaintiff's claims are brought against supervisory officials:  Director of California

28   Department of State Hospitals Ahlin and Executive Director of Napa State Hospital

Matteucci. Under § 1983, a supervisory official is "not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. (internal quotation marks omitted). A causal connection is established "by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 798 (9th Cir. 2018) (alteration in original) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011)). Therefore, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d at 1208.

## V.    STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

State Defendants move for summary judgment on both § 1983 Fourteenth Amendment due process claims brought against them in their personal capacities for (1) unreasonably delaying Plaintiff's transfer and admission to Napa State Hospital, and (2) failing to provide adequate medical care to Plaintiff while Plaintiff awaited placement in a state hospital (FAC ¶¶ 44-45, 54).

State Defendants make five primary arguments. First, State Defendants argue they could not expand capacity at Napa State Hospital and therefore, cannot be held liable for the delay in transferring and admitting Plaintiff to Napa State Hospital. State Defs. MSJ at 11-12. Second, State Defendants contend that Plaintiff cannot show that either State Defendant Ahlin or Matteucci had any personal knowledge of Plaintiff, or his medical conditions, while he was in the Solano County Jail. *Id*. at 11-12. Third, State Defendants appear to briefly assert that the county jail (not State Defendants) was responsible for Plaintiff's medical care, quoting a California Code of Regulation. *See*

12

1   State Defs. MSJ at 12. Fourth, State Defendants argue they are entitled to qualified

2   immunity. *Id*. at 13-16. Finally, State Defendants argue that there is insufficient evidence

3   for punitive damages. *Id*. at 16.

4        In opposition, Plaintiff argues State Defendants knew of the November 2016

5   Commitment Order, were "personally involved in the decision-making that caused

6   unconstitutional delays" in providing mental health care, were "aware of the delay in

7   admitting Plaintiff to the state hospital facility," and were deliberately indifferent to

8   Plaintiff's rights by ignoring the problem. Pl. Opp. at 6, 8 (ECF No. 50). Plaintiff further

9   asserts that State Defendants never "met and conferred with the Solano County Jail"

10  despite a state court order that ordered them to do so, and "never provided any medical

11  or clinical services necessary" pending Plaintiff's placement in a state hospital. *Id*.

12  Plaintiff also contends that State Defendants are not entitled to qualified immunity, and

13  Plaintiff is entitled to punitive damages. *Id*. at 9-12.

14       **A.    Delay In Transfer**

15       As to the first claim against State Defendants for unreasonably delaying Plaintiff's

16  transfer and admission to Napa State Hospital, State Defendants argue they cannot be

17  held liable for the delay because they could not expand capacity at Napa State Hospital.

18  State Defs. MSJ at 11-12. State Defendants acknowledge that the Ninth Circuit has

19  found that the lack of resources is not a defense to a claim for prospective relief, and

20  emphasize that this limitation does not apply here because Plaintiff's claims are brought

21  against State Defendants in their personal capacities for damages, and not in their

22  official capacities for injunctive relief. *See id*.

23       Though Plaintiff does not appear to directly challenge whether State Defendants

24  could expand capacity or whether resources (bed space) were lacking, *see* Pl. Opp. at 7,

25  Plaintiff argues State Defendants knew of the November 2016 Commitment Order, were

26  "personally involved in the decision-making that caused unconstitutional delays" in

27  providing mental health care, were "aware of the delay in admitting Plaintiff to the state

28  hospital facility," and were deliberately indifferent to Plaintiff's rights by ignoring the

1    problem. Pl. Opp. at 6, 8.

2          Though Plaintiff has identified a genuine dispute as to whether State Defendants

3    had knowledge of the November 2016 Commitment Order based on the Contempt Order

4    to Show Cause issued to State Defendant Matteucci with a certificate that shows this

5    order was served on Defendant Matteucci (*see Stallings* Solano Superior Court OSC

6    (ECF No. 50-6 at 4)), this dispute is not material as to whether either State Defendant

7    personally participated in the delay of Plaintiff's transfer and admission to Napa State

8    Hospital. Because Plaintiff bears the burden of proof at trial as to § 1983 supervisory

9    liability, State Defendants have met their burden at summary judgment by pointing out

10   the absence of evidence to support Plaintiff's claim. *See Celotex*, 477 U.S. at 425. The

11   burden shifts to Plaintiff to establish that there is a genuine issue of material fact, and

12   Plaintiff must tender evidence of specific facts through affidavits or admissible discovery

13   material, and may not rely on the allegations in his pleadings. *See* Fed. R. Civ. P. 56(c);

14   *Matsushita*, 475 U.S. at 586 n.11.

15         Summary judgment should be granted for State Defendants because there is a

16   complete failure of proof by Plaintiff. Plaintiff brings his Section 1983 claims against

17   supervisory State Defendants in their personal capacity for money damages. Despite the

18   delay in Plaintiff's transfer to Napa State Hospital, which State Defendants do not appear

19   to dispute, Plaintiff does not present any evidence of State Defendants' personal

20   participation in the delay of Plaintiff's transfer and admission to Napa State Hospital,

21   which is a required element. *See* Pl. Opp'n; *Crowley*, 734 F.3d at 977. Plaintiff also does

22   not present any evidence of a causal connection between State Defendants' conduct

23   and the alleged constitutional violation. *See* Pl. Opp'n; *Crowley*, 734 F.3d at 977. As

24   described above, the Court cannot consider Plaintiff's counsel's declaration because it is

25   not based on personal knowledge, and counsel fails to provide the basis of his personal

26   knowledge. *See* Third Goff Decl. In addition, the FAC is not verified, and therefore

27   cannot be considered as evidence at summary judgment. *See Moran*, 447 F.3d at 759-

28   60. Nor can the Court consider the declarations from Plaintiff and Bynes, which were not

1   properly signed despite being provided the opportunity to correct the defect. *See*

2   1/31/2025 Order (ECF No. 63); 2/11/2025 Order (ECF No. 65); Docket. Even if the

3   declarations of Plaintiff and Bynes were considered, neither declaration establishes a

4   genuine issue of material fact because the declarations do not refer to State Defendants

5   Ahlin or Matteucci and the absence of evidence of State Defendants' personal

6   participation in the delay of Plaintiff's transfer and admission to Napa State Hospital

7   remains. *See* 12/28/2022 Pl. Decl.; 12/28/2022 Bynes Decl.

8       Plaintiff cites to *Atayde v. Napa State Hospital, et al.*, 255 F. Supp. 3d. 978 (E.D.

9   Cal. 2017), which addressed § 1983 claims brought against county and state officials

10  related to mental healthcare provided to a pretrial detainee in a county jail and the

11  detainee's transfer to a Department of State Hospitals facility through a state court

12  commitment order. *See* Pl. Opp. at 8. The *Atayde* decision cited addresses whether

13  claims were sufficiently pled in the complaint at the motion to dismiss stage, and

14  Plaintiff's description of motion to dismiss standards is not applicable as it is a different

15  standard than the summary judgment standard. *See* Pl. Opp. at 8 (citing *Atayde*, 255 F.

16  Supp. 3d. 978). Plaintiff may not rely upon the allegations in his FAC and must tender

17  evidence of specific facts in the form of affidavits, and/or admissible discovery material.

18  *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. Plaintiff has failed to do so.

19  The Court further notes that the *Atayde* court subsequently granted summary judgment

20  for the remaining government officials. *See Atayde v. Napa State Hospital, et al.*, 2022

21  WL 1215234, at *7 (E.D. Cal. Apr. 25, 2022) (granting summary judgment to State

22  defendants where plaintiff presented no evidence defendants had "the ability or

23  resources to expand capacity for IST referrals at NSH").

24      Summary judgment should be granted for State Defendants on Plaintiff's first

25  claim for delaying Plaintiff's transfer and admission to Napa State Hospital.

26      **B.     Medical Care**

27      As to the second claim against State Defendants for failure to provide adequate

28  medical care while Plaintiff awaited placement in a state hospital, State Defendants

1  argue that Plaintiff cannot show that either State Defendant Ahlin or Matteucci had any

2  personal knowledge of Plaintiff or his medical conditions while he was in the Solano

3  County Jail. State Defs. MSJ at 11-12.

4       State Defendants did not put forth affirmative evidence of their lack of personal

5  knowledge of Plaintiff and instead elected to submit declarations from a different case in

6  a different court where the same defendants affirmatively stated their lack of personal

7  knowledge of a different plaintiff. *See Luong v. Alameda County, et al.*, No. 3:17-cv-6675

8  EMC (N.D. Cal.), 7/19/2019 Dolly Matteucci Decl. ¶¶ 3-4 (ECF No. 69 at 48-49); *Luong*

9  *v. Alameda County, et al.*, No. 3:17-cv-6675 EMC (N.D. Cal.), 7/19/2019 Pam Ahlin Decl.

10 ¶¶ 3-4 (ECF No. 69 at 51-52).[6] Though State Defendants have not affirmatively

11 established their lack of personal knowledge of Plaintiff or his medical conditions during

12 the time period at issue, this failure is not fatal to their motion for summary judgment

13 because Plaintiff bears the burden at trial to prove State Defendants were either

14 "personally involved in the constitutional deprivation" or "there is a sufficient causal

15 connection between the supervisor's wrongful conduct and the constitutional violation."

16 *Crowley*, 734 F.3d at 977.

17      Because Plaintiff bears the burden of proof at trial as to § 1983 supervisory

18 liability, State Defendants have met their burden at summary judgment by pointing out

19 the absence of evidence to support Plaintiff's claim. *See Celotex*, 477 U.S. at 425. The

20 burden shifts to Plaintiff to establish that there is a genuine issue of material fact, and

21 Plaintiff must tender evidence of specific facts through affidavits or admissible discovery

22

23 [6]   In addition to not including any information related to the plaintiff in this case (Mr.
Stallings), there are other problems with State Defendants' submission of declarations
24 from a different case and a different plaintiff. Those declarations include other facts that
have no bearing on this case, such as reference to a different psychiatric hospital (*see*
25 Ahlin Decl. ¶ 5), and describing what appears to be a different practice as to Orders to
Show Cause than the Order to Show Cause issued in this case to State Defendant
26 Matteucci. *Compare* 11/28/2016 *Stallings* Solano Superior Court Order to Show Cause
(OSC) Re: Contempt issued to Dolly Matteucci with a certificate of mailing (ECF No. 50-
27 6 at 4), *with* Ahlin Decl. ¶ 4 (describing practice to address Orders to Show Cause to
Ahlin).
28

16

1    material, and may not rely on the allegations in his pleadings. *See* Fed. R. Civ. P. 56(c);

2    *Matsushita*, 475 U.S. at 586 n.11.

3          Summary judgment should be granted for State Defendants on the medical care

4    claim because like the first claim, there is a complete failure of proof by Plaintiff. Plaintiff

5    does not present any evidence of State Defendants' personal participation in Plaintiff's

6    care at the Solano County Jail. *See* Pl. Opp'n. Plaintiff also does not present any

7    evidence of a causal connection between State Defendants' conduct and the alleged

8    constitutional violation. *See* Pl. Opp'n. As described above, the Court cannot consider

9    Plaintiff's counsel's declaration because it is not based on personal knowledge, and

10   counsel fails to provide the basis of his personal knowledge. *See* Third Goff Decl. In

11   addition, the FAC is not verified, and therefore cannot be considered as evidence at

12   summary judgment. *See Moran*, 447 F.3d at 759-60. As described above, the Court

13   cannot consider the declarations from Plaintiff and Bynes, and even if it could, these

14   declarations do not refer to State Defendants Ahlin or Matteucci and the absence of

15   evidence of State Defendants' personal participation in Plaintiff's care at the jail remains.

16   *See* 12/28/2022 Pl. Decl.; 12/28/2022 Bynes Decl.

17          Though Plaintiff has identified a genuine dispute as to whether State Defendants

18   had knowledge of the November 2016 Commitment Order based on the Contempt Order

19   to Show Cause issued to State Defendant Matteucci with a certificate that shows this

20   order was served on Defendant Matteucci (*see Stallings* Solano Superior Court OSC

21   (ECF No. 50-6 at 4)), this dispute is not material as to whether either State Defendant

22   personally participated in Plaintiff's care at the Solano County Jail.

23          Because the findings and recommendations above resolve the medical care claim

24   against State Defendants, the Court declines to address State Defendants' two-sentence

25   argument that the County was responsible for Plaintiff's medical care, an argument State

26   Defendants present with little explanation, including whether and how the quoted

27   regulation applies to the Solano County Jail or to Plaintiff. *See* State Defs. MSJ at 12.

28          The Court recommends granting State Defendants summary judgment as to the

1    second claim for failure to provide adequate medical care.

2        **C.    Qualified Immunity and Punitive Damages**

3        State Defendants argue they are entitled to qualified immunity, an argument

4    Plaintiff opposes. Qualified immunity protects government officials "from liability for civil

5    damages insofar as their conduct does not violate clearly established statutory or

6    constitutional rights of which a reasonable person would have known." *Pearson v.*

7    *Callahan*, 555 U.S. 223, 231 (2009) (quotations omitted).

8        State Defendants also argue that there is insufficient evidence for Plaintiff's

9    request for punitive damages, an argument Plaintiff opposes.

10       Because the findings and recommendations above resolve all claims against

11   State Defendants, the Court declines to address qualified immunity and punitive

12   damages.

13   **VI.    CONCLUSION**

14       For the reasons provided above, it is ORDERED that:

15       1.    Plaintiff's request to take judicial notice (ECF No. 51) is DENIED; and

16       2.    State Defendants' motion to strike Plaintiff's counsel's declaration (ECF

17             No. 56) is GRANTED IN PART AND DENIED IN PART.

18       Further, for the reasons provided above, it is RECOMMENDED that:

19       1.    State Defendants' motion for summary judgment (ECF No. 69) is

20             GRANTED, and judgment be entered for Ms. Ahlin and Ms. Matteucci; and

21       2.    The Clerk of the Court be directed to CLOSE this case.

22       These findings and recommendations are submitted to the United States District

23   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

24   14 days after being served with these findings and recommendations, any party may file

25   written objections with the Court and serve a copy on all parties. This document should

26   be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

27   reply to the objections shall be served on all parties and filed with the Court within 14

28   days after service of the objections. Failure to file objections within the specified time

18

1    may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

2    455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3

4    Dated:  August 4, 2025

5                                                    _____

                                                     CHI SOO KIM
6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11   csk/stal2073-18.StateDefs-msj

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28